**YANG JIN WEI, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,\* Respondent.**

**No. 04–3689–ag.**

United States Court of Appeals, Second Circuit.

Oct. 4, 2006.

---

\* Attorney General Gonzales is automatically substituted for his predecessor, John Ashcroft, as respondent pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Yang Jin Wei, pro se, for Petitioner.

Grace B. Duran, Special Assistant United States Attorney, San Juan, Puerto Rico (David N. Kelley, United States Attorney for the Southern District of New York, New York, New York, on the brief), for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. PIERRE N. LEVAL, Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Petitioner Yang Jin Wei, a native and citizen of China, seeks review of a June 17, 2004, Board of Immigration Appeals ("BIA") order affirming the April 25, 2003, decision of Immigration Judge ("IJ") John Opaciuch denying Wei's application for withholding of removal pursuant to the Convention Against Torture ("CAT").** *In re Yang Jin Wei*, No. A 79 682 232 (B.I.A. June 17, 2004), *aff'g* No. A 79 682 232 (Immig. Ct. N.Y. City April 25, 2003). Wei argues that the IJ erred both in finding Wei not credible and in determining that Wei had not established that it is more likely than not that he would be tortured upon his return to China. We assume the parties' familiarity with the facts and procedural history.

Where, as here, the BIA has adopted the reasoning of the IJ, we may review the IJ opinion directly. *E.g., Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings, including an adverse credibility finding, under a standard of "substantial evidence." *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

■ To qualify for relief pursuant to the CAT, a petitioner must show that it is more likely than not that he will be tortured upon his return to the country of removal. 8 C.F.R. § 208.16(c)(2); *e.g., Ramsameachire v. Ashcroft*, 357 F.3d 169, 184 (2d Cir.2004). In *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005), we held that in the absence of "particularized evidence," a petitioner is not "entitled to CAT protection based *solely* on the fact that [he] is part of the large class of persons who have illegally departed China. Were such a showing sufficient to secure relief under the CAT, any asylum-seeker arriving in the United States illegally from China would equally be entitled to such relief." Wei has not introduced evidence that someone in his particular situation is more likely than not to be tortured upon his return to China.

■ To the extent Wei attempted to make that showing through evidence about the experiences of his brother and a friend, the IJ's adverse credibility finding was supported by substantial evidence. Although the IJ erred in making certain findings regarding the functioning of Chinese law that are premised on speculation rather than record evidence, we may affirm an adverse credibility finding when the IJ's reasoning is deficient in certain respects, provided that the IJ's reasoning is supported by the record as a whole. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006). The IJ noted that Wei's testimony and a letter purportedly written by Wei's friend both indicate that this friend was arrested in 1999. The criminal papers submitted regarding this same friend, however, indicate

** United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *opened for signature* Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85.

that the arrest took place in 2000. The IJ also found that the pictures submitted of Wei's brother, which were intended to document a broken arm purportedly sustained during his incarceration in China, appeared staged. Because these critical findings were supported by substantial evidence in the record, the record as a whole supports the IJ's adverse credibility finding regarding Wei's claim that his friend and his brother were subjected to torture, *see Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000), and we are confident that the same conclusion would be reached upon remand absent the errors in the IJ's analysis, *see Xiao Ji Chen,* 434 F.3d at 158; *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005).

For the reasons set forth above, the petition for review is **DENIED.**